**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X  **14-CV-7345 (VSB)**
CYNTHIA ALMONTE,

                     Plaintiff                  **DECLARATION OF COUNSEL**

   -against-

BAILEY REALTY ENTERPRISES CORP. and
ELIAS MORILLO, *Individually*,

                    Defendants.
------------------------------------------------------------------------X

    Jessenia Maldonado, Esq. declares, subject to the penalties of perjury, that the following is true and correct to her knowledge:

1. I am an attorney duly admitted to practice in the Courts of the State of New York and in the U.S. District Court for the Southern District of New York.

2. I am an Associate Attorney at Phillips & Associates, Attorneys at Law, PLLC ("P&A"), which represents Plaintiff Cynthia Almonte ("Plaintiff") in the above-captioned action. I am the attorney of record and am fully familiar with the facts and circumstances of this action.

3. I submit this Declaration in support of the Motion for Leave to Withdraw as Counsel of Record for Plaintiff, pursuant to Local Rule 1.4 of the U.S. District Court for the Southern District of New York.

4. On or about April 20, 2015, Alex Umansky, Lead Counsel of P&A, emailed Plaintiff and advised her that we required her responses to Defendants' discovery demands. Mr. Umansky also attached Defendants' First Set of Interrogatories and Defendants' First Set of Document Requests to said email. Mr. Umansky indicated that we required her responses within two (2) weeks.

5. On or about April 22, 2015, Plaintiff responded to Mr. Umansky's April 20th email and advised that she would give him a call the following day for further explanation in reference to Defendants' discovery demands. Unfortunately, Plaintiff never called P&A for assistance in completing her responses to Defendants' discovery demands.

6. Accordingly, on or about April 24, 2015, I called Plaintiff to offer assistance in completing her responses. Plaintiff advised that she was unable to open the attachments in Mr. Umansky's April 20th email. I advised that I would mail her hard copies of Defendants' discovery demands.

7. Later that same day, on or about April 24, 2015, I forwarded Defendants' discovery demands to Plaintiff via first class mail. I requested that Plaintiff send us her responses by May 11, 2015.

8. On or about May 11, 2015, I again called Plaintiff to check the status of her responses to Defendants' discovery demands. At that time, Plaintiff informed me that she previously answered similar demands and would rather drop the case than to answer Defendants' discovery demand. I explained that we previously worked on the Initial Discovery Protocols and now require more specific and in depth discovery responses. Consequently, Plaintiff agreed to forward her responses via first class mail the following day. Unfortunately, this was the final instance where P&A successfully communicated with Plaintiff.

9. On or about May 13, 2015, I called and left a detailed voice message for Plaintiff requesting an update on the status of her responses to Defendants' discovery demands. Plaintiff never returned my call.

10. Again on or around May 15, 2015, I called Plaintiff and left a detailed voice message

that Plaintiff immediately provide P&A with responses to Defendants' discovery demands. Plaintiff again failed to return my call.

11. As such, on or around June 24, 2015, Mr. Umansky sent an email to Plaintiff, which stated in pertinent part:

> Please let me know by the end of the week if you wish to continue with your case…If you wish to continue, you will need to respond and cooperate with us going forward. Without your active cooperation, we are not able to do our jobs and will thus move to withdraw as attorneys in your case.

12. To date, Plaintiff has not responded to Mr. Umansky's email.

13. On or about July 2, 2015, Mr. Umansky wrote to Plaintiff informing her that due to her lack of cooperation, P&A would be filing the instant motion to withdraw as attorneys in Plaintiff's lawsuit. Mr. Umansky mailed the letter to Plaintiff via first class mail and certified mail.

14. To date, Plaintiff has not made any attempts to contact P&A in response to our numerous phone calls, emails, and letters.

15. P&A should be permitted to withdraw as counsel in this case, as doing so at this juncture would occur without any material adverse effect on Plaintiff's interests, as it was Plaintiff's decision to neither respond to Defendants' discovery demands nor respond to her counsel's numerous communication attempts.

16. P&A will not be asserting a retaining or charging lien in this action nor will it seek any further compensation for representation provided to date. While additional payments could be demanded, P&A knowingly waives the right to those payments in the hope that Plaintiff can use those funds to obtain new counsel.

17. No prior application for the relief herein requested has been made to this Court.

Dated: New York, New York
July 8, 2015

                    **PHILLIPS & ASSOCIATES,**
                    **ATTORNEYS AT LAW, PLLC**

By:    /s/
      Jessenia Maldonado (JM7811)
      *Attorneys for Plaintiff*
      45 Broadway, Suite 620
      New York, New York 10006
      (212) 248-7431
      jmaldonado@tpglaws.com