**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   **14-CV-7345 (VSB)**
CYNTHIA ALMONTE,

                              Plaintiff

     -against-

BAILEY REALTY ENTERPRISES CORP. and
ELIAS MORILLO, *Individually*,

                          Defendants.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS
<u>COUNSEL OF RECORD FOR PLAINTIFF CYNTHIA ALMONTE</u>**



                                                Jessenia Maldonado, Esq.
                                                **PHILLIPS & ASSOCIATES, PLLC**
                                                *Attorney for Plaintiff*
                                                45 Broadway, Suite 620
                                                New York, New York 10006
                                                (212) 248-7431
                                                jmaldonado@tpglaws.com

Pursuant to Rule 1.4 of the Local Rules of the U.S. District Court for the Southern District of New York, Phillips & Associates, Attorneys at Law, PLLC ("P&A") respectfully submits this memorandum of law in support of the motion for leave to withdraw as counsel for Plaintiff Cynthia Almonte.

## LEGAL ARGUMENT

### A. Standard

Withdrawal of counsel is governed by Rule 1.4 of the Local Rules of the U.S. District Court for the Southern District of New York ("Local Rule 1.4"), which states, in pertinent part, "An attorney who has appeared as attorney of record for a party … may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal … and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Local R. 1.4. Moreover, "[w]hether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" Stair v. Calhoun, 722 F.Supp.2d 258, 264 (E.D.N.Y. 2010) (quoting In re Albert, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).

### B. Plaintiff's Counsel Should be Granted Leave to Withdraw as Counsel

Plaintiff's counsel, P&A, seeks to withdraw as counsel due to Plaintiff's lack of cooperation, which renders P&A's representation unreasonably difficult. A lawyer may withdraw from representing a client if the client, by his or her conduct, "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [c]

[7]). (*See* Bijan Karimian v. Time Equities, Inc., 2011 U.S. Dist. LEXIS 51916, 2011 WL 1900092 (S.D.N.Y. May 11, 2011); Dillon v. Otis El. Co., 22 A.D.3d 1, 3-4, 800 NYS2d 385 (2005); McCormack v. Kamalian, 10 A.D.3d 679, 781, NYS2d 743 (2004).

That said, the accompanying Declaration of Plaintiff's counsel explains that subsequent to May 11, 2015, Plaintiff ceased all communications with P&A and refused to provide her responses to Defendants' discovery demands.

On or about June 24, 2015, P&A again attempted to contact Plaintiff via email to inquire whether Plaintiff wished to continue with the instant lawsuit. Plaintiff wholly failed to respond to this email. As such, on or about July 2, 2015, P&A sent a letter to Plaintiff via certified mail and first-class mail informing her that due to her lack of cooperation that we would be filing the instant motion.

## C. **Plaintiff will Not Suffer Any Prejudice**

In considering a motion to withdraw pursuant to Local Rule 1.4, the court must also consider "the posture of the case," and whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320–21 (2d Cir. 1999) (quotation and citation omitted); *See* Brown v. National Survival Games, Inc., 1994 U.S. Dist. LEXIS 16572, at *3 (N.D.N.Y. Nov. 18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial. … granting the instant motion will not likely cause undue delay").

Here, as stated in counsel's declaration, it was the Plaintiff's decision to refuse to respond to Defendants' discovery demands and to cease communications with her counsel. Thus, withdrawing at this juncture will not have any material adverse effect on Plaintiff's interests. It is submitted that withdrawal at this time would not prejudice Plaintiff.

D.  **No Lien Asserted**

Local Rule 1.4 compels an attorney requesting to withdraw to specify whether he or she is asserting a retaining or charging lien.  In this case, P&A is not asserting any lien and is waiving the right to any additional payments which may be due to it.  This is done in an effort to assist Plaintiff to put such funds towards hiring new counsel.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests the Court to enter an Order:

a) Granting Plaintiff's counsel, Phillips & Associates, PLLC, leave to withdraw as counsel for the Plaintiff in this action, pursuant to Local Rule 1.4; and

b) For such further relief as this Court may deem just and proper.

Dated: New York, New York
July 8, 2015

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: _____/s/_____
Jessenia Maldonado (JM7811)
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
jmaldonado@tpglaws.com